IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD SCHROEDER,

          Plaintiff,

      v.

CAROLYN L. COLVIN, Acting
Commissioner of Social Security,

          Defendant.

Case No. 3:14-cv-00757-PA

**ORDER**

**PANNER, District Judge**:

      Plaintiff Ronald Schroeder brings this action for judicial review of the Commissioner's decision to deny his application for Supplemental Security Income benefits. I affirm the Commissioner's decision.

## PROCEDURAL HISTORY

      In 2010, Plaintiff applied for benefits, alleging disability beginning in 2008 from anxiety and depression. In 2013, the ALJ issued a decision finding Plaintiff not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

1  –  ORDER

Plaintiff now seeks judicial review.

## THE ALJ'S FINDINGS

Plaintiff has a high school education and was 49 years old when he applied for benefits. At step one of the five-step sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. *See* 20 C.F.R. § 404.1520(a)(4) (describing sequential evaluation process for determining disability).

At step two, the ALJ found Plaintiff has the severe impairments of depressive disorder and addiction to alcohol and drugs (methamphetamine and marijuana). The ALJ found that Plaintiff's anxiety impairment was not severe.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. The ALJ found Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but was limited to simple routine work. The ALJ found that Plaintiff's statements about the severity of his symptoms were not fully credible because there was medical evidence of exaggeration; Plaintiff improved with treatment; and he had a lengthy criminal history and a poor work history.

At step four, the ALJ found Plaintiff could return to his past relevant work as a janitor, carnival ride attendant, and general laborer. Although the ALJ's finding at step four indicated that Plaintiff was not disabled, the ALJ made an alternative finding at step five. After consulting with the vocational expert who testified at the hearing, the ALJ found Plaintiff could perform jobs in the national economy such as hand packager and motel cleaner. The ALJ concluded Plaintiff was not disabled.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if the decision is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Andrews*

2  -  ORDER

*v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## DISCUSSION

Plaintiff's primary contention is that the ALJ erred at step three of the sequential evaluation process in finding Plaintiff's depressive disorder did not meet or equal the listing for Affective Disorders, 12.04. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04 (Listing 12.04). "If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the 'Listing of Impairments,' then the claimant is presumed disabled at step three." *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(d)).

Plaintiff also argues that the ALJ erred in evaluating the opinions of Drs. Michael Yao and Michael Resnick, and in finding that Plaintiff's anxiety was not a severe impairment at step two of the sequential evaluation.

## I. Plaintiff Does Not Meet or Equal the Listing for Affective Disorders

### A. Listing 12.04

Plaintiff contends that the ALJ erred in concluding that his depressive disorder does not meet the listing for Affective Disorders, 12.04(C)(3). Paragraph C of Listing 12.04 provides that a claimant suffering from an affective disorder may establish the required severity by showing:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04(C).

3  -  ORDER

## B. Substantial Evidence Supports the ALJ's Finding on Listing 12.04

Plaintiff contends that he meets Listing 12.04(C)'s third test, inability to function outside of a highly supportive living arrangement for a year or more. In contending that he cannot function outside of a highly supportive living arrangement, Plaintiff cites his history of criminal behavior and alcohol and drug abuse. At age 12, Plaintiff was charged with attempted murder and sent to a reform school until age 18. Tr. 514 (Plaintiff's history is from Dr. Yao's report, based on Plaintiff's statements). After leaving reform school, Plaintiff enlisted in the Army. He was honorably discharged after a month because of frequent clashes with officers. *Id.*

After discharge, Plaintiff worked at unskilled jobs but soon began supporting himself through drug dealing and burglary. Plaintiff was arrested during a botched burglary in Oregon and convicted of robbery, serving 5 years in prison. He absconded and lived in California. After about 7 years in California, Plaintiff was extradited to Oregon and spent 3 more years in prison.

Plaintiff was released from prison in 2006 and was homeless for several years. In 2010, Plaintiff sought assistance from the Veterans Administration Substance Abuse Treatment Program. In October 2010, Dr. Michael Yao, M.D., psychiatry resident, evaluated Plaintiff, diagnosing adjustment disorder with mixed anxiety and depressed mood, major depressive disorder, and possible antisocial disorder. Tr. 519.

In December 2010, Plaintiff was admitted to a VA residential treatment program, the Southern Oregon Rehabilitation Center and Clinics, referred to as White City. Plaintiff remained at White City for a year, receiving counseling, medication, and vocational evaluation. Plaintiff worked 40 hours per week in a structured setting, and by the end of his stay, he reported minimal depression and a stable mood. Tr. 835.

In January 2012, Plaintiff moved to Portland. He remained sober but spent all of his savings. In April 2012, only three days after obtaining housing, Plaintiff had one drink and does not remember what happened afterwards. Tr. 49-50. Plaintiff apparently fought with someone and was sent back to prison.

4 - ORDER

The ALJ found that Plaintiff was not fully credible. The ALJ noted that "the medical record suggests malingering," which Plaintiff does not dispute. The ALJ cited the report of Dr. James Bryan, Ph.D., who performed a consultive psychological examination of Plaintiff in 2010. Tr. 400-06. Based on Plaintiff's conduct during testing, Dr. Bryan found indications that Plaintiff was exaggerating and feigning symptoms. Dr. Bryan concluded that "actual mental health conditions cannot be determined due to his symptom over reporting. . . . . Clarification of his actual mental health condition would require his valid engagement in all procedures." Tr. 406.

The ALJ found that Plaintiff's criminal history "reflects unfavorably on his credibility," noting convictions for burglary, robbery, assault, and escape. Tr. 29. The ALJ also found that Plaintiff's "work history reflects unfavorably on his credibility because it shows he is capable of working, but has not put forth a good faith effort to financially support himself and is likely applying for disability to avoid working." *Id.* There was evidence that when Plaintiff abstained from drugs and alcohol, he could function independently. *Id.*

The ALJ found that Plaintiff's daily activities were "inconsistent with his alleged limitations." Tr. 29. The ALJ stated that while homeless, Plaintiff was able to camp and go to shelters for meals, walking a mile and a half a day, using public transportation, and reading in the library. The ALJ noted that Plaintiff was working as a food server in prison, and lived in the general population with a cell mate.

There is evidence that Plaintiff had difficulty functioning outside of a structured environment such as prison or White City. But there is also substantial evidence supporting the ALJ's finding that Plaintiff could function independently of a structured environment when he was not using alcohol or drugs. This court must affirm an ALJ's decision that is supported by substantial evidence. *Batson,* 359 F.3d at 1193. I conclude that the ALJ's finding that Plaintiff did not meet or equal Listing 12.04 is supported by substantial evidence.

## II. Other Issues

### A. The ALJ's Failure to Find That Anxiety Was a Severe Impairment

Plaintiff contends that the ALJ in finding that his anxiety was not a severe impairment. The ALJ did include a limitation to simple and routine unskilled work in the residual functional capacity finding. I conclude that any error on this issue was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to identify an impairment as severe at step two was harmless when the impairment was considered in the residual functional capacity finding).

### B. The ALJ's Evaluation of Reports by Drs. Yao and Resnick

Plaintiff contends that the ALJ failed to properly evaluate the opinions of Drs. Yao and Resnick. Dr. Yao evaluated Plaintiff during an intake examination for the Veterans Administration. Tr. 513-19. Dr. Resnick, an addiction psychiatrist, concurred with Dr. Yao's opinion. Tr. 520.

The ALJ gave "moderate weight" to Dr. Yao's opinion that Plaintiff had grossly intact cognitive functioning, and adequate judgment and insight. The ALJ found that Dr. Yao's opinion was not restrictive enough "because it does not include any limitations concerning the type of work (simple or complex) [Plaintiff] can perform." Tr. 28. The ALJ found Plaintiff was limited to "simple routine work because it is consistent with the medical record as a whole." *Id.* There was no error in the ALJ's evaluation of Dr. Yao's opinion, especially because the ALJ's disagreement with Dr. Yao actually benefitted Plaintiff.

There was also no error in the ALJ's failure to discuss Dr. Resnick's report. Dr. Resnick reviewed Dr. Yao's report, and agreed with Dr. Yao's proposed treatment plan. Tr. 520. Dr. Resnick did not add additional limitations and apparently did not examine Plaintiff himself.

I conclude that the ALJ did not err in his evaluation of Dr. Yao's opinion or in his failure to mention Dr. Resnick's brief report.

/ / /

/ / /

6  –  ORDER

## CONCLUSION

The Commissioner's decision is affirmed.

IT IS SO ORDERED.

DATED this _8_ day of March, 2016.

OWEN M. PANNER
U.S. DISTRICT JUDGE